UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-00238 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| LaSEAN CAMPBELL | ) | |

ORDER

Pending before the Court is the Defendant's Motion For Early Termination Of Supervised Release Pursuant To 18 U.S.C. § 3583 (Docket No. 95). Through the Motion, the Defendant requests that the Court terminate the remaining term of his term of supervised release. The Government has filed a Response (Docket No. 99) opposing the Defendant's request, and the Defendant has filed a Reply (Docket No. 100).

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v.

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public

Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

The Defendant pled guilty, pursuant to a Plea Agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. (Docket Nos. 1, 45, 47, 68). As part of the Plea Agreement, the Government agreed to dismiss another count of the Indictment, charging possession with intent to distribute cocaine. (Id.) At the subsequent sentencing hearing, former District Judge Robert L. Echols imposed a sentence of 68 months of imprisonment and four years of supervised release. (Docket Nos. 70, 71). The sentence was below the advisory guideline range of 87 to 108 months of imprisonment. (Id.)

In his Motion, the Defendant indicates that he has completed over 32 months of supervised release, has been in compliance with the conditions of supervision, has maintained employment, and has become an active and enthusiastic member of his church and his community. The Defendant has attached seven letters, including his own, supporting his request for early termination. (Docket Nos. 95-1 through 95-7).

In its Response, the Government indicates that the Probation Office opposes early termination because the Defendant has violated the supervised release condition that prohibits travel outside the Middle District of Tennessee without permission on two occasions; and because he has two arrests for crimes of violence – in 1995 for aggravated assault involving a firearm, and in 2005 for aggravated kidnaping.

In his Reply, the Defendant points out that he advised his probation officer about the

---

from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

travel violations on both occasions shortly after they occurred, that the two arrests referenced by the Government occurred years ago, and that he has never been convicted of a violent offense.

Having considered the factors set forth in Section 3553, the Court concludes that the interest of justice does not warrant early termination of supervised release at this time. Although the Defendant's conduct on release has been laudable, given the nature and circumstances of the offense, the need to protect the public from further crime, and in the interest of rehabilitation, the Court concludes that the Defendant should remain on supervised release. Accordingly, the Defendant's request for early termination of supervised release is DENIED.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE